**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

TRACY T. YOUNG                                                     PETITIONER
Reg # 10306-010

v.                                     Case No. 2:19-cv-00120-BSM-JTK

DEWAYNE HENDRIX, *Warden*,                                        RESPONDENT
FCI-Forrest City Medium

## <u>PROPOSED FINDINGS AND RECOMMENDATIONS</u>

### Instructions

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**Disposition**

Petitioner, Tracy T. Young, is an inmate at the Forrest City Institution in Forrest City, Arkansas.  He is currently serving a 180-month sentence out of the Western District of Arkansas, Case No. 6:10-cr-60034-SOH-1, pursuant to a plea agreement for possession of methamphetamine with intent to distribute and felon in possession of a firearm.  (Doc. No. 5, Exhibit A)

Following his conviction, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence.  (Doc. No. 5, Exhibit B) In it, he alleged in part that his sentence did not qualify for an enhancement under the Armed Career Criminal Act (ACCA) because (1) his conviction for second-degree battery did not qualify as a violent felony and

(2) he served only nine (9) months imprisonment for one of the robbery convictions. The sentencing court determined that the second-degree battery conviction did constitute a violent felony for purposes of the Armed Career Criminal enhancement and that robbery was a predicate offense under the ACCA because the focus was the maximum possible punishment imposed and not the actual time served. (Doc. No. 5, Exhibit E)

Petitioner thereafter filed a second §2255 motion in the sentencing court, arguing the applicability of *Johnson v. United States*, 135 S. Ct. 2551 (2015), to his sentence. The Court denied the motion, finding Petitioner had failed to obtain authorization for a successive petition and that *Johnson* did not apply to Petitioner's sentence. (Doc. No. 5, Exhibit G)

Subsequently, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241. In it and his Memorandum of Support, Petitioner alleges his prior convictions do not qualify him as an armed career criminal in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018); *Mathis v. United States*, 136 S. Ct. 2243 (2016); *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Descamps v. United States*, 133 S. Ct. 2276 (2013). (Doc. Nos. 1 and 2)

Respondent filed a Response to the Petition on November 6, 2019. (Doc. No. 5) Respondent contends this Court lacks jurisdiction over the petition, and the petition should be denied. Alternatively, Respondent submits the petition lacks merit and should be dismissed. In his Reply, filed December 9, 2019, Petitioner suggests Respondent's argument that the petition should be dismissed for lack of jurisdiction is misplaced and insists he is entitled to relief. (Doc. No. 9)

3

For the reasons that follow, the undersigned recommends that the petition be dismissed without prejudice for lack of jurisdiction.

**Discussion**

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert. denied*, 545 U.S. 1147 (2005). A federal court lacks jurisdiction to hear a prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the petitioner has affirmatively demonstrated the remedy provided by § 2255 is "inadequate or ineffective" to test the legality of the detention. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986). The "inadequate or ineffective" remedy exception is often called the "savings clause," *Abdullah v. Hedrick*, 392 F.3d at 959, because when it applies, it can save a § 2241 habeas petition from being dismissed under § 2255's exclusive remedy rule. Petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *See Lopez-Lopez v. United States*, 590 F.3d 905, 907 (8th Cir. 2010).

The Eighth Circuit Court of Appeals has specifically held that a § 2241 petition in the district of incarceration cannot be used to raise an issue which could have been, or actually was, raised in a direct appeal or a § 2255 motion in the sentencing district. *Id.*; *see also Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009); *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003). Moreover, just because procedural barriers prevent a petitioner from

pursuing § 2255 relief does not render that remedy "inadequate or ineffective" under the savings clause. *Lopez-Lopez*, 590 F.3d at 907.

Petitioner filed two § 2255 motions, and he had failed to meet his burden of establishing inadequacy or ineffectiveness. He challenged his armed career criminal enhancement in the § 2255 proceeding, and the sentencing court rejected those challenges. The fact that Petitioner did not receive the remedy he requested does not render § 2255 inadequate or ineffective and entitle him to seek relief pursuant to § 2241. Therefore, it is the recommendation of the undersigned that the instant § 2241 petition be dismissed for lack of jurisdiction.

Conclusion

For the foregoing reasons, the Court concludes that § 2241 relief is not available to Petitioner. Accordingly, the Petition for Writ of Habeas Corpus, Doc. No. 1, should be denied and dismissed for lack of jurisdiction.

SO ORDERED this 5th day of March, 2020.

_____
UNITED STATES MAGISTRATE JUDGE